## GIOCOMO MAFFIOLI
## v.
## JAMES WELCH.

*Malicious Prosecution—Evidence—Instructions.*

1. In this action for malicious prosecution, it is held that the proof justified a verdict of $150 for plaintiff.

2. A person must use reasonable care in ascertaining the facts before causing to be instituted a prosecution for obtaining goods under false pretenses.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Winnebago County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Messrs. FROST & McEVOY, for appellant.

Messrs. J. C. GARVER and A. E. FISHER, for appellee.

UPTON, P. J. This suit was brought by appellee against the appellant for malicious prosecution, to the Circuit Court of Winnebago County. The issues joined therein have been on two occasions submitted to a jury in that court, each trial resulting in a verdict for the appellee.

Upon the last trial the jury found a verdict for the appellee and assessed his damages at $150, judgment being entered thereon. After overruling a motion for a new trial an appeal was taken to this court, which is now before us for review on errors assigned.

The facts, in brief, are that the appellee, an ignorant, unlettered man, in 1888, was conducting a small store, or "peanut stand," at Rockton, Ill. Both appellant and appellee were Italians, appellant having been in the country and engaged in merchandise for many years in the city of Rockford, Illinois. The appellee, whose real name was Peroni, had been in the country but about four years.

Appellee, in conducting his little store, had purchased some goods, articles of small value, of appellant from time to time and paid therefor, but had no particular acquaintance with appellant.

In January, 1888, appellee, being in want of some further supplies, went to the city of Rockford to make purchase thereof, when he was met by another of his countrymen, named Peter Rossi, who took him to one of the stores of appellant, to whom appellee stated his wants. The purchases he desired to make were quite small, not exceeding $16 in value. Appellant advised appellee to purchase more goods and save cost in transportation, offered to give him some credit therefor, selected and shipped to appellee tobacco, pipes, candies, canned fruits, maple sugar, etc., making a bill aggregating about $74. The next day after shipment, appellant went to appellee's place of business, unpacked the goods and marked them for appellee, and told him at what price he was to sell the various articles.

Appellant testified that appellee stated to him when he purchased the goods, that he had $200 in money in the bank at Beloit, Wis., and would pay the purchase money as soon as he could go there and get it. Appellee denies that he made any statement or agreement of that kind or that he had any money in the bank at Beloit, or elsewhere, but that the goods were sold to him on credit, at the instance and advice of appellant.

A short time thereafter, appellee, as he claims, having obtained in the venture much experience but little money, sold out to one Edward Martin for the sum of $45, received $25 on a debt due Martin from appellee, and received $20 in cash, which appellee offered to pay to appellant on his account, and proposed to pay the balance due from time to

time thereafter as he could earn it, which proposition not being accepted, appellee, quite contrary to the custom in such cases, went to work chopping cord wood, and while so engaged was arrested at the instance of appellant, upon a capias issued upon his complaint, committed to the jail or 'calaboose" of the village, detained during the night and the next morning discharged.

The complaint upon which appellee was arrested, charged that the goods sold by appellant to appellee as above stated, were obtained "by false pretense, to wit, by falsely pretending that appellee had $200 in money deposited in bank belonging to him, did obtain the goods (describing them) with the intent thereby to defraud the appellant out of the said goods and chattels, when in fact the appellee did not have $200, or any part thereof to pay for said goods, etc., and did not and would not pay therefor."

On the day following his discharge, appellee was again, at the instance and procurement of appellant, arrested upon the same charge, bound over and committed to the common jail of the county, and there remained sixty-two days, when the grand jury, upon investigation of the charge, refused to find an indictment against appellee, and he was discharged from imprisonment.

Thereupon this suit was commenced with the results above stated.

It is apparent from what has been said that appellee's right of recovery in this case rests entirely upon questions of fact as to the question of malice and want of probable cause, and after careful examination of the record before us, we think the proof justified the verdict and that the instructions were substantially correct.

Appellee's ninth instruction complained of, which requires appellant to use reasonable care in ascertaining the facts upon which his statement to the magistrate issuing the capias, and his attorney advising the proceedings, were based, was correct, as was held in Roy v. Goings, 112 Ill. 656.

Finding no reversible error in this record, the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*